IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KATHI TERO,

    Plaintiff,

vs.                                                                 Civ. No. 24-69 JFR/SCY

STATE FARM FIRE AND
CASUALTY COMPANY,

    Defendant.

## ORDER TO FILE RULE 7.1 NOTICE AND AMEND NOTICE OF REMOVAL

This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by Defendant State Farm Fire and Casualty Company on January 19, 2024. Doc. 1. Defendant removed this action to federal court citing diversity jurisdiction. *Id.* at 1. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the notice of removal, the applicable law, and being otherwise fully advised in the premises, concludes that the notice of removal fails to allege the necessary facts to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v.*

*Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

> As to citizenship of the parties, the notice of removal alleges that,
>
> Plaintiff is an individual and resident of the State of New Mexico, with her principal place of residence in Albuquerque, Bernalillo County, New Mexico. *See* Complaint, ¶ 1.
>
> The Complaint fails to identify the citizenship of State Farm, but it states that Defendant State Farm is a foreign insurance corporation authorized to conduct business in the State of New Mexico. *Id.*, ¶ 4.
>
> Thus, according to the allegations in the Complaint, Plaintiff is a citizen of New Mexico while Defendant is a foreign company. There is no overlap between the citizenship of Plaintiff and Defendant, as the Defendant is *not* a citizen of New Mexico. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant.

Doc. 1 ¶¶ 2-3. The Court finds these allegations of citizenship deficient in two respects.

First, residency is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, the allegation of Plaintiff's "residency" is insufficient to confer jurisdiction on this Court. *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction); *see also McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases discussing requirement to amend notice of removal). Second, a corporation is deemed to be a citizen of the state in which it is incorporated

2

and in which it maintains its principal place of business. *See id.* § 1332(c). Here, the notice of removal provides neither Defendant State Farm's place of incorporation nor its principal place of business.

The Court notes that Rule 7.1 requires a party to file a disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction."). Here, neither party has filed a disclosure statement yet and so the Court orders both Plaintiff and Defendant to file a Rule 7.1 notice by February 6, 2024.

Thereafter, the Court will give the removing Defendant the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

IT IS HEREBY ORDERED that both Plaintiff and Defendant file a disclosure statement that fully complies with Rule 7.1(a)(2) no later than **February 6, 2024**.

IT IS HEREBY ORDERED that Defendant amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **February 13, 2024.**

IT IS FURTHER ORDERED that if such an amended notice of removal is not filed by February 13, 2024, the Court may remand this action back to state district court.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE